UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SLATER L. YOHEY,<br><br>　　　　　　　Petitioner,<br>　v.<br>PERRY RUSSELL, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:20-cv-00441-ART-CLB<br><br>ORDER |

## I.   SUMMARY

This counseled habeas petition comes before the Court on Respondents' motion to dismiss. (ECF No. 51 ("Motion").) Petitioner Slater L. Yohey ("Petitioner" or "Yohey") opposed the Motion, and Respondents replied. (ECF Nos. 55, 62.) For the reasons stated below, the Court grants the motion to dismiss, in part, and denies it, in part.

## II.   BACKGROUND

Yohey challenges his 2016 state court conviction, pursuant to a guilty plea, of two counts of robbery with the use of a deadly weapon, kidnapping in the first degree, grand larceny of a motor vehicle, and eluding a police officer. (ECF No. 17-12.) Yohey was sentenced to an aggregate term of 15 to 53 years in prison. (*Id.*) Yohey filed two *pro se* notices of appeal, but the Nevada Supreme Court dismissed the appeals as untimely. (ECF No. 17-16.) Yohey filed a state petition for post-conviction relief. (ECF No. 17-21.) The state district court denied Yohey's petition, and the Nevada Supreme Court affirmed the denial. (ECF Nos. 17-34, 17-41.)

Yohey filed a *pro se* federal petition for a writ of habeas corpus. (ECF No. 1-1.) This Court appointed counsel, and Yohey filed a counseled first amended petition and a counseled second amended petition. (ECF Nos. 6, 11, 16, 24.)

1

Respondents moved to dismiss the second amended petition. (ECF No. 34.) Yohey moved to strike the motion to dismiss or, in the alternative, moved for a more definite statement relating to Respondents' timeliness and relation back arguments. (ECF No. 40.) In their response to the motion to strike, Respondents agreed to submit a renewed motion to dismiss. (ECF No. 50.) This Court granted the motion to strike. (ECF No. 52.) In their renewed motion to dismiss, Respondents argue that Ground 4 is procedurally barred and Grounds 1 and 2 are unexhausted. (ECF No. 51.)

### III. DISCUSSION

#### A. Procedural default of Ground 4

##### 1. Legal standard

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). The Supreme Court has acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve a claim for review in state court will suffice as "cause." *See* Edwards. 529 U.S. at 451 (citing *Carrier,* 477 U.S., at 488–489). To constitute "cause," counsel's performance must have been so ineffective as to violate the Federal Constitution. *Id.* To show prejudice, a petitioner bears the burden of showing not merely that the error created a

possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

### 2. Analysis

Yohey acknowledges that Ground 4 is procedurally defaulted but argues that he can show cause and prejudice to overcome the default based on his claim that counsel was ineffective in failing to file a direct appeal despite his request. (ECF No. 55 at 9–10.)

In Ground 4, Yohey alleges that his due process rights under the Fifth and Fourteenth Amendments were violated when the sentencing court failed to consider the factors under NRS 193.165 on the record as required under Nevada state law. (ECF No. 24 at 12.) Yohey included this claim in his state petition for post-conviction relief, and the state district court denied it on the merits because "the Court carefully considered the factors outlined in NRS 193.165." (ECF No. 17-34.) In affirming the denial of Yohey's state petition for post-conviction relief, the Nevada Supreme Court found that "[t]his claim fell outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a)." (ECF No. 17-41 at 3–4.) Consequently, because Ground 4 was denied by the Nevada Supreme Court on adequate and independent state procedural grounds, the procedural default doctrine applies here. *See Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003).

Yohey argues that he can overcome the default of Ground 4 due to his counsel's failure to file a notice of appeal. For ineffective assistance of counsel to function as cause to excuse a procedural default, the claim of ineffective assistance of counsel must be exhausted before the state courts as an independent claim. *See Edwards*, 529 U.S. at 453 ("'[A] claim of ineffective assistance,' we said, generally must 'be presented to the state courts as an

3

independent claim before it may be used to establish cause for a procedural default.'" (citing *Murray*, 477 U.S. at 489).

In ground 1 of his state petition for post-conviction relief (which mirrors Ground 3 of his operative federal amended petition), Yohey argued that "counsel failed to file a timely notice of appeal from [his] judgment of conviction." (ECF 17-21 at 15-16.) Yohey alleged that he told his counsel after sentencing that he wished to appeal, followed up with a written communication to his counsel from prison, and received a letter from counsel telling him that he did not file a notice of appeal, at which point he filed a pro se notice of appeal. (*Id.* at 15-16.) Yohey alleged that he told counsel that he wanted to appeal his judgment of conviction to address "Constitutional issues" and several sentencing issues, including "Abuse of Discretion at Sentencing; Restitution Errors," "Enhancement Penalty Errors," and "Redundancy Issues in the Multiple Sentences." (*Id.* at 15).

At the evidentiary hearing, the state district court considered the correspondence regarding Yohey's desire to appeal. (*See* ECF No. 17-33 at 26, 40.) Yohey provided the letter he sent to his counsel, Mr. Petty, in which he asked about appealing his sentence. (ECF No. 17-31 at 6.) Although Yohey's letter to his counsel is illegible, his interest in appealing is apparent from the email Mr. Petty sent to co-counsel, Mr. Fortier, in which Mr. Petty relayed that Yohey asked about possible sentencing issues for appeal, concluding, "In sum, do you believe issues exist for appeal?" (*Id.* at 9.) Mr. Fortier responded that there were no issues to appeal, and that Yohey had not asked him to appeal. (*Id.*) Mr. Petty then replied to Yohey telling him, after discussing various sentencing concerns, "Thus there are no issues here for appeal and I cannot help you." (*Id.* at 4.) As Yohey alleged in his state petition for post-conviction relief, he received Mr. Petty's letter after the expiration of the thirty-day deadline for filing a notice of appeal. *See* Judgment, dated June 9, 2016 (ECF No. 17-12); Letter from Mr. Petty, dated July 6, 2016 (ECF No. 17-31 at 4); Petition for Writ of Habeas Corpus (ECF 17-21 at

4

15) (alleging that Mr. Petty's July 6 letter was post-marked July 12, 2016, and received by Yohey on July 18, 2016).

The district court denied ground 1 on the merits, crediting Mr. Petty and Mr. Fortier's testimony that no direct appeal was filed due to Yohey's "failure to request one." (ECF 17-34 at 7.) The state district court further found that Yohey could not show prejudice because he had "not identified any meritorious claims for appeal." (*Id.*)

In his appeal to the Nevada Supreme Court, Yohey argued that the state district court erred in finding that his counsel was not ineffective "for failing to effectuate an appeal." (ECF No. 17-38 at 14.) In arguing prejudice from his counsel's failure to effectuate an appeal, Yohey explicitly argued that his counsel could have raised the claim alleged in Ground 4—that the state district court violated due process by failing to consider the NRS 193.165 factors at his sentencing hearing—if counsel had effectuated an appeal. (*Id.* at 17.) Yohey explained that his counsel was deficient under *Strickland* in failing to perfect an appeal and he was prejudiced by that failure because counsel could have raised Ground 4 on direct appeal. (*Id.*) In other words, but for counsel's ineffectiveness, Yohey would not have defaulted Ground 4.

To overcome procedural default, a petitioner must show that his ineffective assistance of counsel claim was "presented to the state courts as an independent claim" and is meritorious, *i.e.*, showing that counsel was "so ineffective as to violate the Federal Constitution." *Edwards*, 529 U.S. at 451. The court finds that Yohey sufficiently presented in state court his claim that Ground 4 was procedurally defaulted due to ineffective assistance of counsel in failing to raise Ground 4 on direct appeal. As to the merits of that ineffective assistance claim, the alleged ineffectiveness involved the same conduct alleged in Ground 3 of his federal amended petition. In *Visciotti v. Martel*, 862 F.3d 749, 768-769 (9th Cir. 2016), the court held that a court may consider de novo whether a claim of

ineffective assistance of counsel constitutes cause and prejudice to excuse procedural default. *Id.* at 769 (observing that courts apply a "differing standard for evaluating constitutional error as a substantive basis of relief and as a cause to avoid default of other claims"). In other words, a claim of ineffective assistance based on failure to file a notice of appeal could suffice to overcome procedural default (based on a de novo standard of review) but the same conduct may or may not entitle the petitioner to habeas relief under AEDPA. While the Court could consider the merits of Ground 3 as a basis for overcoming procedural default, the factual and legal basis for that claim have not been fully briefed. The Court therefore defers until the merits stage a decision on whether the ineffective assistance alleged in Ground 3 constitutes cause to overcome the procedural default of Ground 4 based on a de novo standard of review per *Visciotti* and, if so, whether is it grounds for habeas relief under 28 U.S.C. 2254(d).

**B.  Exhaustion of Grounds 1 and 2**

Respondents argue that Grounds 1 and 2 are unexhausted. (ECF No. 51 at 7.) In Ground 1, Yohey alleges that his counsel failed to investigate or present mitigation at his sentencing in violation of the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 24 at 5.) And in Ground 2, Yohey alleges that his counsel failed to object during sentencing to the state district court's failure to consider all of the factors under NRS 193.165 on the record as required under Nevada state law in violation of the Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 7.)

    **1.  Legal standard**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman*, 501 U.S. at 730–31. "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the

state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

### 2.  Analysis

Yohey admits that Grounds 1 and 2 have not been exhausted, but he argues that (1) they are technically exhausted and procedurally defaulted, and (2) he can overcome the procedural default pursuant to *Martinez v. Ryan*. (ECF No. 55 at 4.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Yohey would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the

7

courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Yohey advances only *Martinez* as a basis for excusing the anticipatory default of Grounds 1 and 2. (*See* ECF No. 55 at 4 n.4.) Accordingly, the Court grants Yohey's request to consider Grounds 1 and 2 technically exhausted. Because the cause-and-prejudice questions of Grounds 1 and 2 are necessarily connected to the merits of Grounds 1 and 2, the Court will defer a determination until the time of merits determination. Accordingly, the motion to dismiss Grounds 1 and 2 as exhausted, or alternatively procedurally defaulted,

is denied without prejudice. Respondents may renew the procedural default argument in their answer.

### V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 51) is granted as follows: (1) Ground 4 is procedurally defaulted, and (2) Grounds 1 and 2 are technically exhausted, but procedurally defaulted.

It is further ordered that the Court defers consideration until after the filing of an answer and reply in this action of (1) whether Yohey can demonstrate the ineffective assistance of counsel alleged in Ground 3 to demonstrate cause to overcome the procedural default of Ground 4 and (2) whether Yohey can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome the procedural default of Grounds 1 and 2.

It is further ordered that Respondents must file an answer to the second amended petition within 60 days of the date of this order. Yohey will have 60 days from service of the answer within which to file a reply.

DATED THIS 24th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE